UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

YOUDELINE AURELUS,

    Plaintiff,

v.

MYLISSA GRABER,
DR. G'S URGENT CARE LLC,
DR. G'S URGENT CARE CORAL SPRINGS LLC,
DR. G'S URGENT CARE SUNRISE LLC,
DR. G'S URGENT CARE DEERFIELD LLC,
DR. G'S URGENT CARE HOLLYWOOD LLC, and
DR. G'S URGENT CARE FT LAUD LLC,

    Defendants.

_____/

**<u>COMPLAINT</u>**
*{Jury Trial Demanded}*

Plaintiff YOUDELINE AURELUS ("Aurelus") brings this action against Defendants MYLISSA GRABER ("Graber"), DR. G'S URGENT CARE LLC ("DG"), DR. G'S URGENT CARE CORAL SPRINGS LLC ("DGCS"), DR. G'S URGENT CARE SUNRISE LLC ("DGS"), DR. G'S URGENT CARE DEERFIELD LLC ("DGD"), DR. G'S URGENT CARE HOLLYWOOD LLC ("DGH"), and DR. G'S URGENT CARE FT LAUD LLC ("DGFL") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

1

3.     At all times material hereto, DG was a Florida corporation that regularly transacted business in Broward County, Florida.

4.     At all times material hereto, DGCS was a Florida corporation that regularly transacted business in Broward County, Florida.

5.     At all times material hereto, DGS was a Florida corporation that regularly transacted business in Broward County, Florida.

6.     At all times material hereto, DGD was a Florida corporation that regularly transacted business in Broward County, Florida.

7.     At all times material hereto, DGH was a Florida corporation that regularly transacted business in Broward County, Florida.

8.     At all times material hereto, DGFL was a Florida corporation that regularly transacted business in Broward County, Florida.

9.     Upon information and belief, DG's gross sales or business generated was over $500,000 per year at all times material hereto.

10.    DG has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

11.    DG was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

12.    Upon information and belief, DGCS's gross sales or business generated was over $500,000 per year at all times material hereto.

13. DGCS has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

14. DGCS was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

15. Upon information and belief, DGS's gross sales or business generated was over $500,000 per year at all times material hereto.

16. DGS has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

17. DGS was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

18. Upon information and belief, DGD's gross sales or business generated was over $500,000 per year at all times material hereto.

19. DGD has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

20. DGD was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

21. Upon information and belief, DGH's gross sales or business generated was over $500,000 per year at all times material hereto.

22. DGH has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

23. DGH was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

24. Upon information and belief, DGFL's gross sales or business generated was over $500,000 per year at all times material hereto.

25. DGFL has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

26. DGFL was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

27. At all times material hereto, Aurelus engaged in interstate communication on a regular and recurring basis, including but not limited to communication via telephone with insurance companies located outside Florida including Canada on a daily basis.

28. Aurelus engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

29. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DG, ran the day-to-day operations, had operational control over DG, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

30. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DGCS, ran the day-to-day operations, had operational control over DGCS, and was

directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

31. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DGS, ran the day-to-day operations, had operational control over DGS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

32. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DGD, ran the day-to-day operations, had operational control over DGD, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

33. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DGH, ran the day-to-day operations, had operational control over DGH, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

34. Graber is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of DGFL, ran the day-to-day operations, had operational control over DGFL, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

35. DG, DGCS, DGS, DGD, DGH, and DGFL are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

36.     DG, DGCS, DGS, DGD, DGH, and DGFL were joint employers of Plaintiff under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

37.     DG operates a business engaged in urgent care.

38.     DGCS operates a business engaged in urgent care.

39.     DGS operates a business engaged in urgent care.

40.     DGD operates a business engaged in urgent care.

41.     DGH operates a business engaged in urgent care.

42.     DGFL operates a business engaged in urgent care.

43.     Aurelus worked for Defendants as a receptionist.

44.     Defendants failed to pay Aurelus's full and proper overtime wages.

45.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

46.     Attached as **Exhibit A** is a preliminary calculation of Aurelus's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

47.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

48.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-47 above as if set forth herein in full.

49.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) time-and-a-half overtime pay and (ii) liquidated damages.

50.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:     (786) 924-9929
Fax:     (786) 358-6071
Email:  ekoz@kozlawfirm.com

Dillon Cuthbertson, Esq.
Florida Bar No. 1056382

7