**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:25-cv-60248-WPD**

YOUDELINE AURELUS

　　Plaintiff,

v.

MYLISSA GRABER,
DR. G'S URGENT CARE LLC,
DR. G'S URGENT CARE CORAL SPRINGS LLC,
DR. G'S URGENT CARE SUNRISE LLC,
DR. G'S URGENT CARE DEERFIELD LLC,
DR. G'S URGENT CARE HOLLYWOOD LLC, and
DR. G'S URGENT CARE FT. LAUD. LLC,

　　Defendants.
_____/

**DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, MYLISSA GRABER ("Graber"), DR. G'S URGENT CARE LLC, DR. G'S URGENT CARE CORAL SPRINGS LLC, DR. G'S URGENT CARE SUNRISE LLC, DR. G'S URGENT CARE DEERFIELD LLC, DR. G'S URGENT CARE HOLLYWOOD LLC, and DR. G'S URGENT CARE FT LAUD LLC (collectively, "Defendants"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, file their answer and affirmative defenses to the complaint (the "Complaint") [ECF 1] filed in this action by Plaintiff, Youdeline Aurelus, and state as follows:

Defendants deny every allegation of the Complaint not expressly otherwise admitted below. Defendants also specifically reserve the right to assert any additional affirmative defenses and matters of avoidance that may be disclosed during the course of additional investigation and

**1**
**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

discovery.    Defendants' answer to each of the specifically enumerated paragraphs of the Complaint is as follows:

1.        Defendants admit that Plaintiff has brought this action for recovery under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") but deny that Plaintiff is entitled to relief under such act or any other statute, law or legal theory, and further deny the remaining allegations, inferences and legal conclusions contained in Paragraph 1 of the Complaint and demand strict proof thereof.

2.        Defendants are without knowledge and, therefore, deny the allegations, inferences and legal conclusions contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3.        Defendants admit to the allegations in Paragraph 3 of the Complaint

4.        Defendants admit to the allegations in Paragraph 4 of the Complaint

5.        Defendants admit to the allegations in Paragraph 5 of the Complaint

6.        Defendants admit to the allegations in Paragraph 6 of the Complaint

7.        Defendants admit to the allegations in Paragraph 7 of the Complaint

8.        Defendants admit to the allegations in Paragraph 8 of the Complaint

9.        Defendants admit to the allegations in Paragraph 9 of the Complaint

10.        Defendants admit to the allegations in Paragraph 10 of the Complaint

11.        Defendants admit to the allegations in Paragraph 11 of the Complaint

12.        Defendants admit to the allegations in Paragraph 12 of the Complaint

13.        Defendants admit to the allegations in Paragraph 13 of the Complaint

14.        Defendants admit to the allegations in Paragraph 14 of the Complaint

15.        Defendants admit to the allegations in Paragraph 15 of the Complaint

ASSOULINE & BERLOWE, P.A.
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

16.     Defendants admit to the allegations in Paragraph 16 of the Complaint

17.     Defendants admit to the allegations in Paragraph 17 of the Complaint

18.     Defendants admit to the allegations in Paragraph 18 of the Complaint

19.     Defendants admit to the allegations in Paragraph 19 of the Complaint

20.     Defendants admit to the allegations in Paragraph 20 of the Complaint

21.     Defendants admit to the allegations in Paragraph 21 of the Complaint

22.     Defendants admit to the allegations in Paragraph 22 of the Complaint

23.     Defendants admit to the allegations in Paragraph 23 of the Complaint

24.     Defendants admit to the allegations in Paragraph 24 of the Complaint

25.     Defendants admit to the allegations in Paragraph 25 of the Complaint

26.     Defendants admit to the allegations in Paragraph 26 of the Complaint

27.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 27 of the Complaint and demand strict proof thereof.

28.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 28 of the Complaint and demand strict proof thereof.

29.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 29 of the Complaint and demand strict proof thereof.

30.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 30 of the Complaint and demand strict proof thereof.

31.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 31 of the Complaint and demand strict proof thereof.

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

32.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 32 of the Complaint and demand strict proof thereof.

33.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 33 of the Complaint and demand strict proof thereof.

34.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 34 of the Complaint and demand strict proof thereof.

35.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 35 of the Complaint and demand strict proof thereof.

36.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 36 of the Complaint and demand strict proof thereof.

37.     Defendants admit to the allegations in Paragraph 37 of the Complaint.

38.     Defendants admit to the allegations in Paragraph 38 of the Complaint.

39.     Defendants admit to the allegations in Paragraph 39 of the Complaint.

40.     Defendants admit to the allegations in Paragraph 40 of the Complaint.

41.     Defendants admit to the allegations in Paragraph 41 of the Complaint.

42.     Defendants admit to the allegations in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 45 of the Complaint and demand strict proof thereof.

ASSOULINE & BERLOWE, P.A.
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

46.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 46 and Exhibit A to the Complaint and demand strict proof thereof.

47.     Defendants are without knowledge and, therefore, deny the allegations, inferences and legal conclusions contained in Paragraph 47 of the Complaint and demand strict proof thereof.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

48.     Defendants reallege their answers to paragraphs 1 through 47 above.

49.     Defendants admit that Plaintiff has brought this action for recovery under the FLSA and that the statute speaks for itself but deny that Plaintiff is entitled to relief under the FLSA or any other statute, law or legal theory and further deny the remaining allegations, inferences and legal conclusions contained in Paragraph 49 of the Complaint and demand strict proof thereof.

50.     Defendants deny the allegations, inferences and legal conclusions contained in Paragraph 50 of the Complaint and demand strict proof thereof.

Defendants deny that Plaintiff is entitled to any of the damages or relief sought in the WHEREFORE clause of the Complaint. Defendants further demand judgment in their favor and against Plaintiff, as well as costs incurred in defending this claim.

## AFFIRMATIVE DEFENSES

1.     Defendants state that, at all times, Plaintiff worked for Dr. G's Urgent Care Lake Worth LLC ("Dr. G's – Lake Worth"), a Florida limited liability company that was not named as a defendant in this action. Accordingly, Plaintiff's Complaint should be dismissed for Plaintiff's failure to join an indispensable party.

2.     Defendants state that Plaintiff was fully compensated for all hours worked, including overtime hours worked, during her employment with Dr. G's – Lake Worth.

3.    Defendants state that Plaintiff worked for Dr. G's – Lake Worth from March 30, 2024 through January 1, 2025; her employment did not begin on March 23, 2023 as stated in Exhibit A to the Complaint [ECF 1-A] and, therefore, Plaintiff's claim for damages should be reduced accordingly.

4.    Defendants state that Graber has no liability to Plaintiff because she was not Plaintiff's "employer" as that term is defined under the FLSA.   Graber was not involved in the day-to-day operations of Dr. G's – Lake Worth and did not have direct responsibility for the supervision of Dr. G's – Lake Worth's employees, including Plaintiff.

5.    Defendants state that they had no role in causing any of the FLSA violations alleged by Plaintiff.

6.    Defendants state that they have no liability to Plaintiff because none of the Defendants, individually or collectively, were Plaintiff's employer as defined under the FLSA or Plaintiff's joint employer under *Layton v. DHL Express United States*, 686 F.3d 1172 (11th Cir. 2012) (setting forth the Eleventh Circuit's guidelines for determining whether a company utilizing a third-party contractor is a joint employer under the FLSA), and *Aimable v. Long & Scott Farms*, 20 F.3d 434 (11th Cir. 1994) (eight-factor test for determining joint employment generally). Defendants were not part of a common control of Plaintiff's job or job functions, never gave instruction to Plaintiff, never had any direct dealings or verbal communications with Plaintiff, never provided Plaintiff with vehicles, tools or equipment that Plaintiff would have used during her employment, did not directly or indirectly supervise Plaintiff, never observed Plaintiff working, never employed or required Plaintiff to work at or upon any of Defendants' properties, did not set Plaintiff's pay rates or method of payment, did not prepare Plaintiff's payroll and took

no part in the payment of her wages, had no right, directly or indirectly, to hire or fire Plaintiff nor did Defendants have a right to modify Plaintiff's conditions of employment. Simply put, under the totality of the circumstances, and under the *Layton/Amiable* factors, Defendants were not Plaintiff's employer or joint employer.

7.     Prior to the filing of Plaintiff's counsel's motion to withdraw [ECF 10], the undersigned provided Plaintiff's counsel with Plaintiff's complete time and payroll records, which documents unequivocally demonstrate that Plaintiff was, at all times, paid in accordance with the FLSA, that this lawsuit should never have been filed, and that Plaintiff should immediately dismiss this action. Defendants have provided these same documents to youdyj@yahoo.com along with a copy of this answer.

8.     Defendants state that Plaintiff's claim for liquidated damages is barred because Defendants, at all times material hereto, acted in good faith and had reasonable grounds for believing that their policies and practices were not in violation of the FLSA, to the extent applicable.

9.     Defendants state that none of their actions with respect to compensating Plaintiff were "willful," as said term is defined by the FLSA, regulations, and interpretive case law, to the extent applicable.

10.     Defendants state that Plaintiff's claims are barred because Defendants, at all times material hereto, acted in good faith in conformity with and in reliance on written administrative regulations, order, rulings, approvals and/or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, to the extent applicable.

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

11.     Defendants state that Plaintiff's claims are barred in whole or in part by the exemptions, exclusions, and credits provided for under the FLSA and the regulations promulgated thereunder, to the extent applicable.

12.     Defendants state that the Complaint fails to states a claim upon which relief may be granted because Defendants have no liability to Plaintiff under the FLSA or under any other legal theory.

13.     Defendants state that, to the extent Plaintiff obtains any recovery based on his FLSA claims, Plaintiff's claim for attorneys' fees and costs is barred based on the authority of *Goss v. Killian Oaks House of Learning*, 248 F.Supp.2d 1162 (S.D. Fla. 2003).

14.     Defendants state that Plaintiff's claims have been brought in bad faith in violation of Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint, Defendants pray that this Honorable Court dismiss with prejudice Plaintiff's claim in full, tax costs against Plaintiff and in favor of Defendants, and reserve jurisdiction to consider a timely filed motion for attorneys' fees on the authority of *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).

**ASSOULINE & BERLOWE, P.A.**

*s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

Attorney for Defendants

**8**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via first class mail and electronic mail as set forth below:

Youdeline Aurelus
4751 NW 10th Ct. #310
Plantation, FL 33313
youdyj@yahoo.com

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566